IN RE ESTATE OF SCHOENLEBEN.

(No. 728—Decided March 22, 1955.)

*Mr. S. E. Mote,* for appellants.
*Messrs. Marchal & Marchal,* for appellees.

MILLER, P. J. This cause comes to this court on appeal on questions of law from the Common Pleas Court of Darke County, Ohio, the matter having been heard *de novo* in the Common Pleas Court on appeal from the Probate Court of that county.

The issues in the case were raised by the filing of applications in the Probate Court for extraordinary compensation for additional legal services rendered and for extraordinary services performed by the executor. The record discloses that the decedent, Louisa Schoenleben, died testate on February 28, 1951, leaving her seven brothers and sisters devisees under her last will and testament; that on March 10, 1951, the will was admitted to probate and letters testamentary were issued to Clifford Thwaits as executor. Thereafter, the executor filed an inventory and appraisement showing a valuation of $7,663.80, which consisted of a small amount of personal property, a checking account, and real estate located in the city of Middletown, Ohio, which was appraised at $6,800; on July 11, 1951, the executor filed an application to transfer the real estate to the brothers and sisters and a certificate was issued so transferring the same; and on August 8, 1951, without first having the real estate certificate cancelled or set aside, the executor sold the real estate in question, pursuant to the power contained in the will. When the title was checked, objection was made to its marketability by the attorney for the purchaser, due to the claimed cloud on the title by reason of the certificate of transfer that had been previously made transferring the real estate to the devisees under the will. The purchaser requested that the executor secure a quitclaim deed from the brothers and sisters, which the executor and his attorney refused to do, contending that the executor had full power to sell the real estate in order to pay debts and that the previously issued transfer was void and of no effect. After waiting a reasonable length of time, and the exchange of considerable correspondence between counsel, the purchaser demanded a return of the deposit he had made on the purchase price, which was refused. Thereupon, he instituted suit to recover the same, which resulted in considerable litigation, and it is for the additional services of defending such suit that practically all the additional compensation is sought. It appears that the devisees were

willing at all times to execute the quitclaim deed, which was finally executed in order to terminate the litigation.

Conceding for the sake of argument that the appellants were technically correct in their contention, still there was a cloud on the title which warranted the purchaser in refusing to accept the same. We are in agreement with the conclusion of both the trial court and the Probate Court that these additional services were not necessary and did not come within the purview of Section 2113.36, Revised Code, which provides for the allowance of additional compensation for extraordinary services. It appears to us that the reasonable course to have been followed would have been, (1) either execute the quitclaim deed as demanded, or, (2) have the certificate to the devisees set aside upon order of the Probate Court. Then there would have been no necessity for these additional services. We concur in the following comment made by the trial court in overruling the motion for a new trial:

"There are times in the practice of law when an attorney may be right as to the law but the cost of proving it far exceeds the practical way of disposing of the matter. This was such a case."

This litigation was not only not necessary, but in fact was harmful to the estate in that it delayed the closing of the estate and caused it to become obligated for the payment of additional court costs.

We, therefore, conclude that the judgment is not against the manifest weight of the evidence, which epitomizes all the errors urged in the appellants' brief.

There being no error in the record, the judgment is affirmed.

*Judgment affirmed.*

HORNBECK and WISEMAN, JJ., concur.